[Civ. No. 2328.    First Appellate District.—April 17, 1918.]

JOHN A. JORDAN, Respondent, v. COMBINED AMUSE-MENTS COMPANY (a Corporation), Appellant.

Broker's Commission—Sale of Corporation Stock—Liability of Cor-poration to Subagent—Findings Unsupported by Evidence.—In this action against a corporation by the assignee of a subagent for his commission on sales of corporate stock of the defendant on an alleged agreement to make direct payment to such subagent, it is held that the evidence is insufficient to sustain the findings in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of San Mateo County.    Geo. H. Buck, Judge.

The facts are stated in the opinion of the court.

Walter R. Bacon, for Appellant.

Ross & Ross, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the plaintiff in an action against the defendant cor-poration for commissions on sales of its capital stock.

We think the judgment must be reversed on the ground that the evidence does not sustain the findings made in plain-tiff's favor.

The facts of the case as disclosed by the record may be stated briefly as follows: F. W. Swanton had entered into a written contract with the defendant whereby he undertook

the sale of a certain number of shares of its capital stock, for which he was to receive twenty-five per cent of the receipts from such sales as a commission. He in turn entered into a written agreement with W. G. Loomis, plaintiff's assignor, wherein it was provided that Loomis would co-operate and assist Swanton in the sale of the stock, for which service Swanton would pay him one-half of his commissions. Under this last agreement sales of stock were made by Loomis, and Swanton had made one payment of commission to him, when they, being both officials of the company, Swanton being president and Loomis secretary, directed the bookkeeper of the defendant to keep the account of their sales and commissions in the books of the corporation. This was done, and, accordingly, when sales were made by either Swanton or Loomis they would each be credited with twelve and one-half per cent of the proceeds of the sales, and would be charged with the expenses incurred by them and with commissions paid by the corporation to subagents, and the balance due each when settled was paid by the defendant's check.

It is not shown, so far as the evidence discloses, that it was the understanding of any of the parties to the transaction that the corporation was to assume the obligation of Swanton to pay Loomis the commission due him on sales of stock, or that its obligation to Swanton under the contract first mentioned was modified. The course it pursued in making payments to Loomis was apparently with the consent of Swanton, and a natural consequence of the assumption by the corporation of the task of entering upon its books the sales of stock made under its contract with Swanton so as to show the state of the account between Swanton and Loomis. The latter on the witness-stand admitted that the corporation undertook the matter of bookkeeping merely as a convenience to Swanton and himself. It is true that the directors of the corporation knew that the commission accounts of Loomis and Swanton were being kept in the corporation's books, and it is true that Loomis testified that when he was pressing for payment of eleven thousand dollars due to him as commissions the directors promised payment as soon as the Panama-Pacific International Exposition opened, at which time the corporation, through the ownership of certain concessions in connection therewith, expected to be in daily receipt of sums

of money. But this testimony is entirely consistent with the theory that the corporation was handling the bookkeeping, and making payments directly to Loomis on account of commissions earned by him under his contract with Swanton as a matter of accommodation and convenience. In other words, the corporation in effect admitted that it owed the amount claimed to Swanton, and that under its arrangement with him, and the latter's arrangement with Loomis, it would, as soon as it was in possession of funds, pay each the amount due. After Loomis had received about eighteen thousand dollars in commissions and when he was pressing for payment of the balance due him, he accepted from Swanton an order drawn by the latter on the defendant, and which directed the defendant to pay to Loomis two thousand dollars and to charge the same to his personal account. This is a circumstance indicating that at that time the parties concerned regarded Swanton as the person primarily entitled to the commissions, and that he in turn was personally liable to Loomis for the proportion thereof to which he was entitled; and there is no evidence of any change in the relationship which Loomis bore to the corporation as regards this account, which would place his present claim on any different footing. Loomis also testified on cross-examination that the defendant employed an assistant bookkeeper at a salary of $150 per month, whose salary was charged in equal parts to the commission accounts of himself and Swanton. From this additional circumstance the inference is quite plain that the defendant consented to keeping the commission accounts between Swanton and Loomis merely as a matter of accommodation to them, and the course pursued by the corporation in this respect in no manner affected its original obligation to pay Swanton alone the commissions due upon sales of its capital stock.

Since the taking of the appeal the parties have settled their differences with respect to a part of the amount recovered, to wit, the amount of the draft hereinbefore referred to and which was the subject matter of one of the counts of the complaint. Consequently as to that part of the judgment no action by this court is necessary. As to the remainder, for the reasons heretofore given the judgment is reversed.

Zook, J., *pro tem.*, and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 16, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1918.